THOMAS SNELL

*v.*

CLINTON W. STANLEY.

FORECLOSURE OF MORTGAGE—*personal decree.*   In foreclosing a mortgage on lands, it is error to render a personal decree against the wife of the owner of the equity of redemption, and others, mere tenants on the mortgaged premises, for the payment of the mortgage debt.

APPEAL from the Circuit Court of DeWitt county ; the Hon. JOHN M. SCOTT, Judge, presiding.

It appears that Charles C. Brown owned certain land, and sold it to Henry G. Tyler, who executed to Brown a mortgage on the land to secure the deferred payments on the purchase, for which he had executed three promissory notes, due in one, two, and three years, for $1000, each, bearing six per cent interest.   Brown transferred the notes to complainant, and Tyler subsequently sold the land to Snell.   The two last notes not being paid, Stanley filed this bill against Snell, Sarah E. Snell, his wife, and Bahay and Chris. Krouse, his tenants.   On a hearing, the court rendered a decree requiring the defendants

to pay the money due on the mortgage, and in default of payment, decreed the sale of the mortgaged premises. The record is brought to this court on appeal.

Mr. E. H. PALMER, for the appellant.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Clinton W. Stanley filed a bill to foreclose a mortgage, making defendants thereto, Thomas Snell, Sarah E. Snell, Gus. Bahay, and Chris. Krouse. No answer was filed, and we are called upon to decide, as to the sufficiency of the bill upon demurrer. We have examined the record, and find no demurrer. We can not therefore determine the questions attempted to be raised by it.

The bill does not aver that Sarah is the wife of Thomas Snell, but avers that Bahay and Krouse are merely tenants of Snell, upon the lands in the bill mentioned; and they have no other interest therein.

The default of the defendants was entered, and a hearing had on bill, exhibits and oral proofs; and thereupon the court rendered a decree of foreclosure, and found that Sarah was the wife of Thomas Snell, and ordered that she and the tenants, as well as Thomas, pay the money secured by the notes and mortgage.

The notes and mortgage were originally executed to Brown by Tyler,—Brown transferred to complainant, and Tyler sold the land to defendant Snell.

It was unquestionably error to decree against Sarah Snell. Even if she was the wife of Thomas Snell no personal decree should have been rendered against her. It was equal error to order the tenants to pay the money found to be due, together with the costs.

The decree is reversed and cause remanded.

*Decree reversed.*

Mr. JUSTICE SCOTT took no part in this decision.