# Henry O'Brian *et al.*

## *v.*

# Abraham B. Fry.

1. Chancery—*when sworn answer is evidence, effect of.* In so far as matter in a sworn answer is responsive to the bill, it will be held to be true, unless contradicted by two witnesses; but as to new matter, set up as matter of defense, and not in denial of any allegation of the bill, the answer is not evidence at all.

2. Decree of foreclosure—*should not order surrender of immediate possession.* On a bill to foreclose a mortgage, it is error to decree that the possession of the mortgaged premises shall be surrendered to the complainant, before a master's sale consummated, by a deed, after the lapse of the statutory time for redemption.

3. Same—*should only require payment of money by the debtor.* On a bill against a husband and wife to foreclose a mortgage executed by them to secure a note given by the husband alone, it is error for the court to decree that the defendants are indebted, and order them to pay, etc. The decree should not require the wife to pay the debt which her husband alone owes.

Writ of Error to the Circuit Court of Jefferson county; the Hon. James M. Pollock, Judge, presiding.

This was a bill, brought by Fry, to foreclose a mortgage given by plaintiffs in error to secure the payment of notes given by Henry O'Brian to Fry.

The answer set up a failure, in whole or in part, of the consideration for which the notes were given, but does not deny the making of the notes and mortgage.

Plaintiffs in error also filed a cross-bill, seeking to cancel the notes and mortgage upon the supposed facts set up in the answer. The cross-bill was answered, replications filed, and the cause brought to a hearing March 15, 1872. The only evidence, other than the notes and mortgage, was the deposition of one witness, who directly contradicted the material allegations in the answer and the cross-bill of the O'Brians.

Upon the hearing, the court found that Henry O'Brian was indebted to complainant; that he gave the notes, and that he and his wife made the mortgage; that default was made by defendants in the payment; that there was due to complainant *from defendants* the sum of $555.33, and decreed "that the said *defendants* do pay" to complainant, within sixty days,    *    * the said sum    *    *    * and costs; that, in default of this, "defendants are hereby required to surrender immediate possession;"    *    *    * and the decree appoints a commissioner, with full power to sell and convey, and that he proceed to sell    *    *    * to satisfy said debt and costs,    *    *    * for cash,    *    *    * and that said commissioner, in default of redemption of said lands, do convey the same to the purchaser, and that said commissioner do report his proceedings under and by virtue of this decree to this court, at its next term, and that this case stand continued for report.

At the March term, 1873, report was made by the commissioner, which was approved by the court, showing a sale of· the premises on June 15, 1872, to Abraham B. Fry, and thereupon it was "ordered by the court that the cause go off the docket."

The language of the record as to the hearing is, "this cause coming on for hearing on bill, *allegations,* exhibits and proofs" —making no special mention of the answers, or of the cross-bill, or of the replications.

To reverse this decree, Henry O'Brian and his wife, Mary, on the 7th of April, 1876, sued out a writ of error, and bring the record to this court for review.

Mr. T. S. CASEY, and Mr. C. H. PATTON, for the plaintiffs in error.

Messrs. W. & E. L. STOKER, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted that the findings of the court are not supported by the proofs, and, in that connection, it is suggested that the testimony of one witness can not avail against the sworn answers of two defendants, equal (as suggested) to the direct testimony of four witnesses. This position can not be sustained. In so far as matter in a sworn answer is responsive to the bill, it must be held to be true, unless contradicted by two witnesses; but in so far as matter stated in an answer is new matter—about which the bill does not call for any answer, matter set up (not in denial of any allegation of the bill) as matter of defense—the answer is not evidence at all.

In this case, the complainant alleged the making of the notes and mortgage, and the failure to pay, and called on defendants to confess these allegations. The defendants admit these allegations to be true, but affirmatively allege other matter, showing that these notes ought not to be paid. As to this other matter, the sworn answers are not competent as proofs, and the burden of proof as to them rests on the defendants.

No proof was offered in support of these allegations, and hence the finding of the court on this record was right. It was, however, error to decree that the immediate possession of the mortgaged premises should be surrendered, in a case like this, to the complainant, before a master's sale fully consummated, by a master's deed, after the lapse of the statutory time for redemption. *Aldrich* v. *Sharp*, 3 Scam. 261; *Bennett et al.* v. *Matson*, 41 Ill. 343.

Although the mortgagee is entitled to possession, under his mortgage, after condition broken, still it would be a vicious practice to permit a decree for a sale of the mortgaged premises to provide for putting complainant in possession between the date of the decree and the day of sale. By our laws, the defendant is entitled to the possession between the day of sale and the making of the master's deed. The amount of the debt fixed by the decree would be unsettled by the use of the property between the time of the decree and the day of sale. Such a practice can not be sanctioned.

It was also error to make a decree *in personam* against Mary O'Brian, the wife, that she should pay complainant, within sixty days, the amount of the mortgage debt, which the record shows was the debt of her husband only. These are errors, in substance, for which the decree must be reversed.

It is objected that the record does not show that the hearing was upon the "answers," and that the cross-bill was not disposed of. These are mere irregularities in form. Undoubtedly an order should have been made disposing of the cross-bill, and when the record undertook to recite in detail the pleadings considered at the hearing, the answers, regularly, should have been mentioned.

The judgment of this court is, that, in so far as the decree of the circuit court found that there was any amount due to complainant from Mary O'Brian—the sum of $555.33, or any amount whatever—and in so far as said decree ordered that she should pay to complainant that sum, or any amount of money, and in so far as said decree required said defendants, or either of them, to surrender to complainant the immediate

possession of the mortgaged premises, the same shall be and the same is reversed, at the costs of defendants in error, and in all else said decree is affirmed.

The writer of this opinion thinks that the decree should be wholly reversed, and at another hearing the plaintiffs in error should have an opportunity to prove, if they can, the sworn statements contained in their respective answers, but the majority of the court hold otherwise.

*Decree affirmed in part.*