| 4 | 257 |
| 42 | 159 |

# CORNELIUS ROURKE ET AL.
## v.
## CHARLES B. COULTON.

1. FORECLOSURE—PERSONAL DECREE.—Where the mortgaged premises have passed into the hands of subsequent purchasers, subject to the incumbrance, and there was a second mortgage executed upon the premises, it is error in a proceeding for foreclosure of the first mortgage, to render a decree making all the defendants personally liable for the debt. The debt being that of the first mortgagor, the only consequence of its non-payment by the other defendants would be a forfeiture of their right of redemption.

2. STRICT FORECLOSURE.—Where there are subsequent purchasers and mortgagees, it is error to render a decree of strict foreclosure.

ERROR to the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed September 9, 1879.

Mr. T. W. McNEELY, for plaintiffs in error; that on a sale of the lands under the foreclosure, Rourke was entitled to pay for his improvements, cited Rev. Stat. 1877, Chap. 82, § 17; Croskey v. N. W. M. Co. 48 Ill. 481.

The court erred in rendering a personal decree: Snell v. Stanley, 58 Ill. 31.

It was error to decree a strict foreclosure without proof of the insolvency of the mortgagor and that the land was insufficient to pay the debt: Stephens v. Bichnell, 27 Ill. 444.

Mr. H. W. MASTERS, for defendant in error; as to notice to subsequent purchasers and incumbrancers, cited Rev. Stat. 1874, Chap. 30, § 30; St. John v. Conger, 40 Ill. 535; Erickson v. Rafferty, 79 Ill. 209; Buchanan v. International Bank, 78 Ill. 500.

The decree of strict foreclosure was not erroneous: 27 Ill. 444; 4 Gilm. 517.

McCULLOCH, J. This was a bill in chancery to correct a mistake in a deed of trust and to foreclose the same, brought by defendant in error against plaintiffs in error, and others, in the Circuit Court of Menard county. It sufficiently appears from the pleadings and evidence in the record, that about the 31st day of January, A. D. 1874, one Alvin M. Hornback, was the owner in fee of the following real estate, to-wit: W$\frac{1}{2}$ of W$\frac{1}{2}$ of N. W$\frac{1}{4}$, and W$\frac{1}{2}$ of N$\frac{1}{2}$ of W$\frac{1}{2}$ of S. W$\frac{1}{4}$ of section 15, and the E$\frac{1}{2}$ of E$\frac{1}{2}$ of E$\frac{1}{2}$ of N. E. $\frac{1}{4}$ of section 16, T. 18 N. R. 6, W. 3d P. M., containing in all eighty acres, more or less ; that on that day he made application in writing to Burnham, McKinley & Co. as agents of defendant in error, for a loan of $1,500, upon said lands, in which application the same are

Rourke v. Coulton.

correctly described, and the same proving satisfactory, the loan was accordingly made, for which Hornback gave one note for the principal sum of $1,500, and ten notes each for the sum of $75 for interest upon the principal note, all dated February 2nd, 1874, and payable to defendant in error, the principal being payable five years after date; that to secure said loan, Hornback with his wife, executed a trust deed to A. C. Burnham, as trustee, bearing date February 2d, A. D. 1874, intending thereby to convey the premises before described, but by mutual mistake the lands were so described as to locate them all in section sixteen, with proper descriptions as to subdivisions, when in fact all but twenty acres were located in section fifteen. The deed of trust, therefore, conveyed only twenty acres of the land intended to be conveyed. It was recorded on the 5th day of March, A. D. 1874, and contained a provision, that if default should be made in the payment of interest for ten days after the same should become due, the said principal and interest notes should become due at once, at the option of the payee. On the 23d day of February, A. D. 1875, Hornback and wife conveyed the lands first described to Crawford Knoles, by a general warranty deed subject to the deed of trust, which is therein specifically described.

While Crawford Knoles was the owner of the lands, he contracted with plaintiff in error, Rourke, for certain lumber for a dwelling-house he was about to erect on said lands, for which said Rourke, at the October term, 1876, of the Circuit Court, obtained a decree in a proceeding for mechanic's lien, and an order to sell the said lands. To that proceeding said Burnham and Coulton, as well as Crawford Knoles and several others, were made parties, but the suit was dismissed by plaintiff as to Burnham, Coulton, and several other defendants, and no decree taken against them.

On the 27th day of November, A. D. 1876, Crawford Knoles conveyed the lands by proper descriptions to Marvel Knoles by warranty deed, containing this clause : "Subject, however, to all incumbrances thereon at this date."

On the 23d day of December, 1876, the Master in Chancery sold said lands to Rourke, under the decree in the mechanic's

lien case, and on the 26th day of March, 1878, nearly a year after the filing of the bill in this cause, the Master made him a deed therefor, and on the same day the sale was approved by the Court. On the 9th day of January, 1877, Marvel Knoles conveyed the said land to Zephaniah Houghton by warranty deed, containing this clause, "This land is, however, subject to an incumbrance taken by said party of the second part, with a full knowledge of the same, of $1,886, or thereabout."

On the 15th day of January, A. D. 1877, Houghton became indebted unto one Jacob B. West, in the sum of $1.114, and on that day made his two notes to West for the sum of $557 each, due respectively in three and four years from date, and to secure the payment thereof, Houghton executed his mortgage to West upon the lands before described, and West assigned the notes to plaintiff in error, Salzenstein. These several conveyances were all recorded in due time.

The bill was answered by Rourke, setting up his claim under the decree and sale in the mechanic's lien proceeding and denying notice of the alleged mistake.

West also answered, setting up his mortgage from Houghton, denying notice of the alleged mistake, and disclosing the assignment of his notes to Salzenstein. The bill was then amended by making Salzenstein a party, who answered, setting up the assignment of the West notes to him for value, and denying notice of the alleged mistake. Houghton became a bankrupt, and his assignee, Edgar, was made a party defendant. Several judgment creditors answered the bill, denying notice.

The court rendered a decree, that the description of the lands in said deed of trust to Burnham be corrected ; that the defendants in said suit pay the complainant within thirty days the sum of $1,875, with interest from the date of the decree, and costs of suit, to be taxed by the clerk, and that upon such payment being made, the complainant re-convey the mortgaged premises to the defendants or defendant so paying, and discharge said deed of trust ; but in case of default in such payment, there be a strict foreclosure of the equity of redemption, and the complainant be let into possession.

Rourke v. Coulton.

It is claimed that inasmuch as the deed of trust covered twenty acres of the land by its proper description, subsequent purchasers and incumbrancers are chargeable with notice of the deed, and inasmuch as several of the conveyances were made subject to this incumbrance, facts appeared upon the record sufficient to put prudent persons upon inquiry as to whether or not there was a mistake in the deed of trust. No doubt all persons purchasing the whole tract, including the twenty acres properly described, would be chargeable with notice of the deed of trust, but as the deed described lands actually located in an adjoining section, we are not prepared to say they were bound to follow up the title to said other lands to see if Hornback was the owner thereof. If subsequent purchasers and incumbrancers had notice of the occupancy of the other lands by other parties, or that Hornback owned no other lands than these at the time of the execution of the deed of trust, or of other facts existing *in pais*, sufficient to excite inquiry, the evidence of notice would be greatly strengthened. But inasmuch as the decree must be reversed on other grounds, we refrain from expressing an opinion as to the weight of evidence upon the question of notice.

The decree, however, is erroneous in making all the defendants personally liable for the debt, without making the foreclosure of the equity of redemption to be in full satisfaction thereof. The debt being that of Hornback alone, the only consequence of its non-payment by the other defendants would be a forfeiture of their right of redemption. Snell v. Stanley, 58 Ill. 31.

But it was error in the Court below to render a decree of strict foreclosure in the case. The equity of redemption, unless cut off by the decree in favor of Rourke, came by a direct chain of conveyances to Houghton, who mortgaged the same to West. West was, therefore, a subsequent incumbrancer, and Salzenstein stands in his place.

There was no evidence in the case that the property was of less value than the debt ; that Hornback, the debtor, was insolvent, or that complainant was willing to take the land in discharge of the debt. In this case Rourke claims to be a subsequent purchaser of the equity of redemption through

Crawford Knoles, while Salzenstein claims to be a subsequent incumbrancer through Houghton, who is proved to be insolvent. Farrell v. Parlier, 50 Ill. 274.

Even if it was proper to reform the deed of trust, and to subject the lands to the payment of the debt secured thereby, it was error under the circumstances of this case to render a decree of strict foreclosure. The decree is, therefore, reversed, and the cause remanded for further proceedings.

Reversed and remanded.