## Susan R. Cundiff et al.
### v.
## Abraham Brokaw.

1.  Mortgage—Election to declare whole sum due—Notice.— Where a mortgage provided that upon a failure for six months to pay any installment of interest, the whole sum should, at the option of the legal holder, become due and payable, no notice of the election of the holder to de-clare the whole sum due, is necessary before bringing suit.  The mortgagor and those holding under him are bound to know that the mortgagee had re-served this right, and that such right was liable to be exercised whenever a default should be made.

2.  Personal decree—Not against heirs of grantee of equity of redemption.—The court erred in rendering a personal decree against the de-fendants who were heirs of the grantee of the equity of redemption in the mortgaged premises.  They had not executed the note or mortgage, and were not in any manner indebted to the complainant.

Error to the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding.    Opinon filed September 17, 1880.

Mr. O. W. Aldrich, for plaintiff in error; that the decree is fatal because it shows the case was heard upon the report of the master, and does not recite that other evidence was heard, cited Turner v. Jenkins 79 Ill. 228; Boyer v. Boyer, 89 Ill. 447.

The decree is erroneous in ordering defendants to pay the amount found due complainant: Snell v. Stanley, 58 Ill. 31; O'Brian v. Fry, 82 Ill. 274.

The complainant should have given notice of his election to declare the whole sum due: Vyse v. Wakefield, 6 M. & W. 442; Parsons on Contracts, 669; Basse v. Gallagher, 7 Wis. 42.

Messrs ROWELL & HAMILTON, for defendants in error.

HIGBEE, J.   On the 16th day of December, 1873, E. H. McClure executed a mortgage upon certain lands in McLean county to Abraham Brokaw, defendant in error, to secure the sum of $6,000 in six years, with ten per cent. interest per annum, payable semi-annually.   McClure afterwards conveyed his equity of redemption in the mortgaged premises to John Starling, who died intestate, leaving a widow and children surviving him.

The mortgage contains a provision, that if any part or installment of said interest shall not be paid within six months after the same becomes due, then and in that case the whole of said note so secured by said mortgage, both principal and interest then due, should, at the option of the mortgagee, become immediately due and payable, and the mortgage might be at once forclosed.   On the 23d day of October, 1878; there being more than six months' interest due and unpaid, defendant filed his bill to foreclose the mortgage, making the widow and heirs of John Starling defendants.

The court below decreed a foreclosure of the mortgage, from which plaintiffs prosecute a writ of error to this court.

It is insisted by plaintiffs in error that the decree should be reversed, because the evidence fails to show that defendant in error had given notice before the bill was filed, that he had elected to declare the whole sum secured by the mortgage due and payable for non-payment of interest.

This objection we think not tenable.   The mortgage required no such notice to be given.

The mortgagor and those holding under him were bound to know that the mortgagee had reserved the right in the mort-

gage at his option to treat the principal as due, if default was made for over six months in the payment of interest, and that such a contingency was liable to occur at any time when default was made in payment, for the length of time mentioned in the mortgage.

If the mortgagor wished personal notice as a condition precedent to the commencement of a suit, he should have provided for it in the mortgage.

On the contrary, the mortgage provides that if default is made, the mortgage may be at once foreclosed.

To require such a notice, would be to add a condition to the mortgage not contained in it, and this we are not at liberty to do.    The Princeton Loan and Trust Co. v. Munson, 60 Ill. 371.

The next objection is, that the court rendered a personal decree against defendants.    The court found due from defendants to complainant, the sum of $5917.77, and decreed that they pay the same, together with interest and costs to complainant within twenty days, and in default of such payment, that the mortgaged premises be sold.

The defendants had not executed the note or mortgage, nor were they in any manner indebted to complainant, and the court erred in rendering a personal decree against them. Snell v. Stanley, 58 Ill. 31; O'Brian v. Fry, 82 Ill. 274.

The decree is reversed and the cause remanded.

Reversed and remanded.