McKenzie v. Hartford Life and Annuity Ins. Co.

## J. A. McKENZIE AND KATE McKENZIE

### v.

## THE HARTFORD LIFE AND ANNUITY INS. CO.

*Mortgages—Foreclosure.*

1.  A personal decree should not be rendered. in a given case, against certain defendants, without proving their liability.

2.  Upon a bill filed to foreclose a mortgage made by husband and wife, to secure notes made by the wife, it being alleged therein that she had died, leaving a defendant named, her only heir at law, there being no admission

in the answer of such death or heirship, the same should be proved in order to show that the necessary parties were before the court.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. A. McKENZIE, for appellants.

Mr. CHARLES S. HARRIS, for appellee.

CARTWRIGHT, J.   The Hartford Life & Annuity Insurance Company filed a bill to foreclose a mortgage made by Louisa T. McKenzie and J. A. McKenzie, her husband, to secure notes made by Louisa T. McKenzie.   The defendants to the bill were Kate McKenzie, Peter Swanson, J. McKenzie, E. A. Bancroft and J. C. Garwood.   The bill alleged that Louisa T. McKenzie had died, leaving her said husband surviving her, and leaving the defendant, Kate McKenzie, her only heir at law.   The defendants Peter Swanson and E. A. Bancroft were defaulted, and the other defendants answered the bill, admitting the original indebtedness of Louisa T. McKenzie and the making of her obligations therefor, denying other averments of the bill specifically, and denying generally every material matter not specifically admitted or denied.   There was no admission of the death of Louisa T. McKenzie or the heirship of the defendant Kate McKenzie.   Upon replication being filed the cause was referred to the master to take and report proof and his conclusions.   The only evidence before the master consisted of the notes of Louisa T. McKenzie and the mortgage, together with the testimony of attorneys as to what would be a reasonable fee in the case, and this was the only evidence on the part of complainant, upon the final hearing before the court.   A decree was entered finding that there was then due from the defendants J. A. McKenzie and Kate McKenzie, to the complainant the sum of $1,692.83 for principal and interest of said notes, and also $60 solicitor's fee, and

said defendants J. A. McKenzie and Kate McKenzie were decreed to pay to the complainant the aggregate of said sums with interest and costs within thirty days, and in default of such payment the mortgaged premises were ordered to be sold. Louisa T. McKenzie, if living, would have been a necessary party to the suit, and the averment of her death and the heirship of the defendant Kate McKenzie was material, and not being admitted by the answer, should have been proven to show that the necessary parties were before the court. The notes were signed by Louisa T. McKenzie alone, and there was neither averment nor proof that the defendants Kate McKenzie or J. A. McKenzie had, in any manner, become liable for their payment. Snell v. Stanley, 58 Ill. 31; Rourke et al. v. Coulton, 4 Ill. App. 257. The personal finding and decree against them was erroneous.

For the error in making the decree personal against appellants, the decree is reversed and the cause remanded.

*Reversed and remanded.*