# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS

## SECOND DISTRICT—DECEMBER TERM, 1891.

### LEON SPRAGUE ET AL.

### v.

### CORNELIUS H. BEAMER.

*Mortgages—Foreclosure by Assignee—Proof of Assignment—Merger —Estoppel by Recitals in Bond—Personal Decree Against Adminis- trator for Costs—Incumbrance on Estate to be Borne Ratably by Dif- ferent Owners—Duty of Life Tenant in Possession.*

A husband and wife joined in a bond and mortgage upon an estate of the wife, to secure a loan recited as being made to the husband, and subsequently, the wife having died, the husband procured an assignment of the mortgage to himself and brought foreclosure proceedings against the administrator and heirs of his wife; this court holds, that parol evi- dence was admissible to prove that the loan was made to his wife instead of to himself; that the guardian *ad litem* of the infant heirs had the right to file a cross-bill and to take an appeal in their behalf; that a decree against the administrator of the deceased wife personally for costs, was error; that the complainant's estate as mortgagee, and his estate of homestead and as surviving husband did not merge, and he was not, therefore, chargeable with rents and profits as a mortgagee in possession; that complainant having an estate of homestead in the premises, and claiming to occupy by virtue thereof, and of his estate as surviving hus- band, and being so tenant for life of an estate charged with incumbrances, he was bound in equity to keep down the interest out of the rents and profits. Complainant, seeking to enforce his lien, must himself bear his ratable portion of that lien.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. McDOUGALL & CHAPMAN and MCILDUFF & TORRENCE, for appellants.

Mr. A. E. HARDING, for appellee.

MR. JUSTICE CARTWRIGHT. This is a bill in equity by appellee against the heirs and administrator of Lois J. Beamer, his deceased wife, seeking the foreclosure of a trust deed and a mortgage made by his said wife and himself, and to subject the land mortgaged to a charge for interest paid in her lifetime, and for improvements alleged to have been made by him. Three of the heirs who were made defendants were minors and a guardian *ad litem* was appointed by the court to protect their interests. Defendants answered the bill, and a cross-bill was filed to compel appellee to account for and apply upon the incumbrances, the rents and profits received by him while in possession of the premises. Proofs having been taken, the court, on hearing, dismissed the cross-bill at the cost of complainants therein, and decreed a foreclosure of the incumbrances for $1,600.69, including $50 solicitor's fee provided for in the mortgage, and ordered a sale of the premises subject to dower and homestead in appellee. From this decree the minor heirs and administrator prosecuted this appeal.

The point is made on the part of appellee that the appeal is improperly here as to the infants, because the case was brought here by the guardian *ad litem* in their behalf. The statute authorizes the court to appoint a guardian *ad litem* for any infant defendant and to compel the person appointed to act. It is claimed that his powers are limited to defense, objection and opposition merely, and that he can take no affirmative step. Such a construction would preclude him from filing a cross-bill or doing any affirmative act, although

it might be essential to the protection of the infant's interests involved in the litigation which he is appointed to defend. We think that his powers are not so limited. This suit being brought here by appeal is the same suit in which the guardian *ad litem* was appointed to defend the interests of minor defendants, and he is still acting in their defense as against alleged errors in the proceeding, by the only available method for the purpose. And we think his action in that regard is within the scope of his power.

The evidence shows that Lois J. Beamer, then wife of appellee, bought the land in question in 1872 and owned it until her death, occupying it with appellee, who farmed it most of the time. Appellee and his said wife executed a bond and trust deed March 26, 1872, to secure Owen W. Angell in the sum of $950, borrowed from him. The bond was due July 7, 1874, with ten per cent interest payable annually, and both bond and trust deed recited that they were given for an indebtedness of appellee, which indebtedness appellee covenanted in the trust deed to pay. July 21, 1882, the principal of the bond was extended to and made payable July 1, 1887, and the rate of interest was reduced to seven per cent annually. In 1878 Lois J. Beamer and appellee made a mortgage of the same land to secure a note for $165, payable to N. E. Wright in two years, with interest at ten per cent. The note and mortgage to Wright were assigned to Charles P. Angell and were again assigned by Angell to appellee December 24, 1886.

The bond to Owen W. Angell was assigned to appellee December 24, 1886, by Charles P. Angell, describing himself as trustee and executor of the will of Owen W. Angell, deceased, but there was no legal evidence that he was executor.

Appellee sought a foreclosure of this trust deed and mortgage by virtue of their assignment to him, and it is alleged as error, that the bond was admitted in evidence without proof that Charles P. Angell was executor of Owen W. Angell, so as to be capable of transferring the bond to appellee. No particular form in the transaction is necessary to

constitute an assignment in equity, but it was necessary for appellee to prove that he had title, legal or equitable, to the bond, derived from some person having such title. The proof that Charles P. Angell had title to the bond was necessary to entitle the bond to admission in evidence. The court admitted parol evidence to prove that the trust deed and mortgage were given for the indebtedness of Lois J. Beamer, and that appellee sustained the relation of surety in the transaction. This is alleged to be error so far as the bond and trust deed are concerned, on the ground that appellee is estopped to dispute their recitals that the indebtedness was his own. The recitals estop the parties thereto, but they do not form the contract and are not covenants between the grantors or the parties to the obligation on one side. They are not conclusive evidence of the facts recited as between them. There was no error in that respect, and the evidence was sufficient to establish the claim of appellee that the indebtedness was that of his wife.

It is objected that the decree was personal against the appellants, none of whom are liable for the debt. The finding was that appellee was entitled to recover $1,600, and it was ordered that defendants pay the same and costs, and in default thereof, the premises should be sold. The decree does not find anything due from the appellants, nor from whom appellee was entitled to recover. Such a decree is held to be alternative and not personal. Gochenour v. Mowry, 33 Ill. 331; Glover v. Benjamin, 73 Ill. 42. The decree differs from those held erroneous in Cundiff v. Brokaw, 7 Ill. App. 147; O'Brian v. Fry, 82 Ill. 274, and McKenzie v. Hartford L. & A. Ins. Co., 42 Ill. App. 157, in all of which the court found an amount due from defendants and decreed that they should pay the same.

Lois J. Beamer died in May, 1890, and appellee continued in possession of the premises after her death. By the cross-bill it was sought to charge him with rents and profits received both before and after her death, on the ground that he was a mortgagee in possession.

Appellee was not in possession as mortgagee during the

lifetime of his wife, and unless his estate of homestead and the subordinate estate as surviving husband were merged in the mortgage estate, he would not necessarily hold possession of the premises as mortgagee after her death.    The running together of the separate estates was not incompatible, so that merger would not necessarily occur.    The interest of appellee required that there should be no merger, and his intention that there should be none will be inferred from that fact.    We conclude that he was not a mortgagee in possession and chargeable with rents and profits as such. The cross-bill was therefore properly dismissed.    The decree, however, appears to be personal against the administrator for the costs of the cross-bill, and no reason appearing why that should be done, it was erroneous in that regard.

The court found due to the appellee the whole amount of the mortgage and trust deed, and even more than was due, and directed a sale of the premises subject to dower and homestead in the appellee.    The homestead was released both by the trust deed and mortgage, and all rights of appellee were subject to both.    By the decree his interests were exempted from contribution, and the whole burden of the incumbrance was cast upon other interests.

Appellee had an estate of homestead in the premises and claimed to occupy by virtue thereof and of his estate as surviving husband, and being so tenant for life of an estate charged with incumbrances, he was bound in equity to keep down the interest on the estate of which he was in possession as such tenant out of the rents and profits. Every part of the ownership of the estate should bear a ratable part of the incumbrances.    A tenant for life of an estate must keep down the annual interest on the estate of which he is in the possession and enjoyment as such tenant while the incumbrance is running, and the entire estate must bear the charge of the principal in just proportions.    If appellee seeks to enforce his lien, he must bear his ratable proportion of it, and a decree should not be entered in his favor for that portion which he is himself bound to pay and discharge.

Assuming the assignment of the bond to be proven, appellee has a right to a decree of foreclosure against the heirs for the amount over and above the proportion of the debt which he is bound to contribute, but a decree should not be entered for more than the ratable share which the heirs should pay. The decree will be reversed and cause remanded.

*Reversed and remanded.*